Timothy B. Smith (8271)
JONES WALDO HOLBROOK & McDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
Facsimile: (801) 328-0537

Attorneys for M2 Innovations, LLC

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| M2 INNOVATIONS, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> JEFF S. BARBIERI, an individual, <br><br> Defendant. | **COMPLAINT** <br><br> **(Jury Trial Requested)** <br><br> Case No. 2:15cv00580-BCW <br><br> Magistrate Judge Brooke C. Wells |

Comes now Plaintiff M2 Innovations, LLC ("M2") to complain against Defendant Jeff S. Barbieri ("Barbieri") as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff M2 is a Utah limited liability company with its principal place of business in Salt Lake County, Utah.

2.      On information and belief, Defendant Barbieri is an individual residing in the State of Florida.

1

3.      This is an action for declaratory judgment of non-infringement (whether directly or indirectly by inducement or contributory infringement), invalidity, and unenforceability of U.S. Patent No. 9,041,298 (the "'298 Patent") pursuant to 28 U.S.C. § 2201 and Title 35 of the United States Code. A real case and controversy exists because Defendant has asserted that M2 is infringing the '298 Patent.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because the controversy involves a federal question and arises under an Act of Congress relating to patents.

5.      Venue is proper pursuant to 28 U.S.C. § 1391 because by sending a letter to M2 asserting that M2 has infringed the '298 Patent Defendant is subject to personal jurisdiction in this judicial district and is attempting to enforce the '298 Patent against M2 in this judicial district.

## GENERAL ALLEGATIONS

6.      M2 is the manufacturer of the IllumiBowl motion-activated night-light.

7.      Defendant is a named inventor on the '298 Patent and, on information and belief, is an owner of the '298 Patent.

8.      On or about July 10, 2015, Defendant through its counsel sent a letter to M2, accusing M2 of infringing the '298 Patent. A true and correct copy of the letter sent by Defendant is attached hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement)

9.      M2 realleges paragraphs 1 through 8 as if fully set forth herein and further alleges as follows:

2

10.     The claims of the '298 Patent purport to cover a motion activated toilet bowl lighting device that includes, among other things, the element "wherein said light and said motion detector are configured to de-energize said light when said motion detector senses movement and said light is already energized."

11.     M2's products do not contain an element wherein said light and said motion detector are configured to de-energize said light when said motion detector senses movement and said light is already energized. Thus, none of M2's products meet each element of any claims of the '298 Patent, and therefore none of them infringe the '298 Patent.

12.     M2 has not and does not make, use, offer to sell, or sell or import any products covered by any claim of the '298 Patent.

13.     M2's customers do not infringe the '298 Patent because M2's products do not infringe the '298 Patent.

14.     Furthermore, M2 has not knowingly made any product especially adapted for use in infringement of the '298 Patent, and all products made and/or sold by M2 have substantial non-infringing uses.

15.     M2 is not liable as a contributory infringer of the '298 Patent.

16.     M2 has not instructed its customers how to use its products in a manner that would infringe the '298 Patent.

17.     M2 has not actively induced infringement of the '298 Patent.

18.      M2 is entitled to an order of declaratory judgment that it does not and has not infringed the '298 Patent either directly, by inducement, or as a contributory infringer.

1203787.1

19.     This case is exceptional under 35 U.S.C. § 285.  M2 is entitled to its reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity – 35 U.S.C. §102(a)/(e))

20.     M2 realleges paragraphs 1 through 19 as if fully set forth herein and further alleges as follows:

21.     On information and belief, the alleged invention claimed in the '298 Patent was known or used by others in the United States, or described in a printed publication, before the invention thereof by the applicants for the '298 Patent.

22.     On information and belief, the invention was described in a published patent application filed in the United States before the alleged invention by the applicants for the '298 patent or was disclosed  in a patent granted on an application for patent filed in the United States before the alleged invention by the applicants for the '298 Patent.

23.     The '298 Patent is invalid under 35 U.S.C. §102(a) and/or 35 U.S.C. §102(e).

24.     Defendant knew or should have known that the '298 Patent is invalid under 35 U.S.C. §102(a) and/or 35 U.S.C. §102(e).

25.     M2 is entitled to an order of declaratory judgment that that the '298 Patent is invalid under 35 U.S.C. §102(a) and/or 35 U.S.C. §102(e).

26.     This case is exceptional under 35 U.S.C. § 285.  M2 is entitled to its reasonable attorneys' fees.

4

1203787.1

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity – 35 U.S.C. §102(b))

27.     M2 realleges paragraphs 1 through 26 as if fully set forth herein and further alleges as follows:

28.     The alleged invention claimed in the '298 Patent was described in a printed publication more than one year before the '298 Patent Application was filed.

29.     The alleged invention claimed in the '298 Patent was in public use and/or on sale in this the United States more than one year before the '298 Patent Application was filed.

30.     The '298 Patent is invalid under 35 U.S.C. §102(b).

31.     Defendant knew or should have known that the '298 Patent is invalid under 35 U.S.C. §102(b).

32.     M2 is entitled to an order of declaratory judgment that that the '298 Patent is invalid under 35 U.S.C. §102(b).

33.     This case is exceptional under 35 U.S.C. § 285.  M2 is entitled to its reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity – 35 U.S.C. §103)

34.     M2 realleges paragraphs 1 through 33 as if fully set forth herein and further alleges as follows:

35.     The subject matter claimed in the '298 Patent as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art.

36.     Each of the elements claimed in the '298 Patent was well known in the art prior to the alleged invention thereof.

5

37.     The '298 Patent is invalid under 35 U.S.C. §103 as obvious.

38.     Defendant knew or should have known that the '298 Patent is invalid under 35 U.S.C. §103.

39.     M2 is entitled to an order of declaratory judgment that that the '298 Patent is invalid as obvious under 35 U.S.C. §103.

40.     This case is exceptional under 35 U.S.C. § 285.   M2 is entitled to its reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity – 35 U.S.C. §112)

41.     M2 realleges paragraphs 1 through 40 as if fully set forth herein and further alleges as follows:

42.     The claims of the '298 Patent are not fully supported by the specification as originally filed in the '298 Patent Application.

43.     The '298 Patent specification does not contain a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to make and use the alleged invention, or, on information and belief, set forth the best mode contemplated by the alleged inventor of carrying out the alleged invention.

44.     The '298 Patent is invalid under 35 U.S.C. §112.

45.     Defendant knew or should have known that the '298 Patent is invalid under 35 U.S.C. §112.

46.     M2 is entitled to an order of declaratory judgment that that the '298 Patent is invalid as under 35 U.S.C. §112.

6

47.     This case is exceptional under 35 U.S.C. § 285.  M2 is entitled to its reasonable attorneys' fees.

## JURY DEMAND

M2 hereby demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff M2 prays for judgment against Defendant as follows:

A.     For declaratory judgment that:

1.     M2 does not and has not infringed the '298 Patent either directly, by inducement, or as a contributory infringer;

2.     the '298 Patent is invalid under 35 U.S.C. §102(a) and/or 35 U.S.C. §102(e);

3.     the '298 Patent is invalid under 35 U.S.C. §102(b);

4.     the '298 Patent is invalid as obvious under 35 U.S.C. §103;

5.     the claims of the '298 Patent are invalid for lack of enablement under 35 U.S.C. §112 or because Defendant failed to disclose the best mode.

B.     For injunctive relief enjoining Defendant from improperly asserting that M2 or M2's customers infringe the '298 Patent;

C.     For judgment that this case is exceptional under 35 U.S.C. § 285;

D.     For costs and attorneys fees; and

E.     For such other relief as the Court considers just.

DATED this 17th day of August, 2015.

JONES WALDO HOLBROOK & MCDONOUGH

By:  /s/ Timothy B. Smith
        Timothy B. Smith

Attorneys for Plaintiff M2 Innovations, LLC

1203787.1