# Exhibit A

1056371.1

# REAM LAW FIRM, LLC
210 Tecumseh St.
Ottawa, KS 66067
785-242-9500

*Dale J. Ream*
*Registered Patent Attorney*

July 10, 2015

Travis Wilson, Esq
Jones Waldo Holbrook & McDonough, PC
170 S Main St Ste 1500
Salt Lake City, UT 84101-1644

     RE:    your client, Matthew Alexander
               US Patent 9,041,298 owned by Jeff Barbieri

Dear Mr. Wilson:

Please be advised that the Ream Law Firm, LLC represents patent owner Jeff Barbieri in a patent matter regading the patent noted above and concerning Mr. Alexander's product, the IllumiBowl that is being prepared for market. I have enclosed a copy of my client's utility patent, US 9,041,298 ("the '298 patent") for your convenience. We are aware of Alexander's IllumiBowl product and believe it infringes the '298 patent. Mr. Barbieri has invested substantial time and resources into the development of his patent and strongly objects to the infringement of it by the IllumiBowl product.

First, I have an email written by Alexander to Barbieri dated February 6, 2015 that appears to show a misunderstanding of the standard of patent infringement. The email indicates that your client is comparing his own patent *application* against the '298 patent and indicates his opinion that one patent does not infringe the other. This is the wrong comparison. The proper comparison is whether the IllumiBowl <u>product</u> infringes the '298 <u>patent</u>. Specifically, the analysis is whether the product includes all of the elements of the broadest claim of the '298 patent.

Next, regarding Alexander's color coding in the email, it is not relevant that the IllumiBowl product includes *additional* elements not disclosed in the '298 patent – for instance, the product could have 10 additional components and it does not help in the infringement analysis. What is relevant is that the offending product includes all of the elements of the '298 claim 1. We believe that it does.

We have constructed a Claims chart that maps, with photographs, each element of the '298 claim to a component of the IllumiBowl product. By Alexander's email, it is clear that he does not believe that the IllumiBowl inner housing wall "conforms to the rim of a

toilet bowl." Clearly, however, the attachment with PU glue on its inner wall (in an older embodiment) or the suction cups (in a newer embodiment) enables the inner wall to conform to the wall surface of the rim. In addition, he writes that the product does not have an arm, bridge, and body member that attach to the toilet rim. Although this may not be the *only* means of attachment included in the product, the product clearly has a multi-section arm (i.e. a "hook") that extends up and over the rim (and is thus attached to the rim) in substantially the same manner as the combination of the arm, bridge, and body member recited in claim 1 of the '298 patent. In fact, the product announcement posted on C-Net describes its attachment to the rim in this manner. In addition, there is complete correspondence on the recited electrical elements. And, again, IllumiBowl's use of an adhesive adherence and a control button are not relevant to an infringement analysis as they are merely additional features (although that could perhaps be your 'novelty' argument to the USPTO in seeking allowance of Alexander's patent application over the '298 patent as prior art).

Therefore, Mr. Barbieri demands that Mr. Alexander cease and desist the marketing, sale, and/or offers to sell the IllumiBowl product in the U.S. and to remove it from websites announcing and describing the product. Any unlicensed use of this technology will not be permitted or tolerated and Mr. Barbieri intends to aggressively enforce all of his rights under his patent.

Mr. Barbieri has made significant efforts to work with your client so as to mutually benefit from the fruits of obtaining the '298 patent. However, communications have dried up and it appears that he may need to file suit in federal court via diversity jurisdiction seeking an injunction against the distribution and sale of the IllumiBowl product and for damages for any sales made to date and hereafter. He is prepared now to do so.

Finally, we believe it would be prudent to put KickStarter investors and potential investors on notice that the Illumibowl campaign has formally been accused of patent infringement and that an infringement lawsuit is likely if a resolution is not forthcoming in due course.

Please reply within two weeks regarding your client's intention to comply with the demands of this letter. Thank you for your anticipated cooperation, and kindly note that this correspondence is issued without limitation, waiver, or prejudice to any of the rights or remedies of Jeff Barbieri or companies formed thereby.

Very truly yours,


/Dale J. Ream/
Patent Attorney

| Claim 1 | Infringing Product |
|---|---|
| a body member having inner, outer, top, and bottom walls that define an interior area | a body member having inner, outer, top, and bottom walls that define an interior area |
| said inner wall having a configuration complementary to a rim of the toilet bowl | said inner wall having a configuration complementary to a rim of the toilet bowl |
| an attachment arm displaced from said inner wall of said body member; | an attachment arm displaced from said inner wall of said body member; |

| | |
|---|---|
| a bridge connecting said attachment arm to said inner wall of said body member | a bridge connecting said attachment arm to said inner wall of said body member |
| a motion detector situated on said body member and directed away from said body member so as to detect motion a distance away from said body member; | a motion detector situated on said body member and directed away from said body member so as to detect motion a distance away from said body member; |
| wherein said attachment arm, said bridge, and said body member are configured to selectively attach to the toilet bowl rim; | wherein said attachment arm, said bridge, and said body member are configured to selectively attach to the toilet bowl rim; |

| | |
|---|---|
| a light sensor positioned on said body member and configured to detect ambient light | a light sensor positioned on said body member and configured to detect ambient light |
| a light situated on said attachment arm and configured to illuminate the toilet bowl when energized while said body member is coupled to the toilet bowl rim; and | a light situated on said attachment arm and configured to illuminate the toilet bowl when energized while said body member is coupled to the toilet bowl rim; and |
| a battery positioned in said body member interior area and configured to energize said light when said motion detector senses motion and said light sensor detects less that a predetermined amount of ambient light. | a battery positioned in said body member interior area and configured to energize said light when said motion detector senses motion and said light sensor detects less that a predetermined amount of ambient light. |